(No. 3797—

NELL SPRAGUE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

*Rehearing denied May 8, 1945.*

FRANK J. BURNS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 14th day of May, 1943, and seeks an award under the Workmen's Compensation Act for injuries sustained by the claimant while employed as an attendant at the Kankakee State Hospital at Kankakee, Illinois.

The record consists of the complaint, departmental report, original transcript of evidence and abstract of same, stipulation with 2 exhibits, statement, brief and argument of claimant, brief and argument of respondent and reply brief of claimant.

The evidence discloses that claimant had been employed as attendant at the Kankakee State Hospital since October 12, 1928. On the 1st day of February, 1943, she was attacked by a patient who clubbed her about her head with a wooden implement. The blow rendered her unconscious. She was discovered by another employee and was thereafter removed for hospitalization and treatment to the Illinois Research Hospital, Chicago, which is also operated by the State of Illinois. She received medical attention from several members of the staff there; she remained seven weeks and then was returned to the State Hospital at Kankakee. Claimant did not return to her work until January 1, 1944.

Claimant testified that she was knocked unconscious and remained so for a week, that two teeth were knocked out and she suffered other injuries of the gums and mouth; that her left ear drum was punctured and permanently injured and partly destroyed, and that she had a total and permanent loss of hearing in her left ear; that her left eye was injured, probably permanently and the

controlling muscles were paralyzed. She further testifies that she had received serious and permanent disfigurements to the hands, head, face and neck and that the entire left side of her face from crown of head downward was permanently injured and paralyzed; that at the time of assault she received a compound basal fracture to the skull, and paralysis of the left leg; that her left foot, especially her great toe, was injured and required surgical attention; that her tongue is now permanently paralyzed which has resulted in the loss of taste; that there was a blood clot in her left ear and that paralysis greatly effects her entire left side.

Under Section 8, Par. (16½) of the Act awards can be made only for total and permanent loss of hearing. The testimony does not support an award for total loss of hearing in either ear. While it is true that claimant testifies that she has lost the complete hearing of one ear and partial hearing of the other ear, her testimony is not supported by medical testimony. Dr. K. C. Springer, eye, ear, nose and throat specialist, testified he made an examination of her ears before the injury. She must have had some loss of hearing before the injury or she would not have been examined by this specialist. Dr. Springer testified he examined claimant on the 31st day of March, 1944, and that her left eye tested by him for vision was 20/400 uncorrected, with glasses it was 20/40; that the vision in the right eye uncorrected was 20/200, corrected with glasses was 20/25. This Court is unable to determine from the evidence before it what, if any, loss of vision claimant sustained due to her injury for the reason there is no evidence before it concerning the condition of her eye before the injury. The evidence does show that claimant was required to wear glasses before

the accident and had them on at the time she was attacked.

In claims for compensation under the Workmen's Compensation Act the burden of proof is upon claimant to prove his claim by a preponderance or greater weight of the evidence. *Alexander* vs. *State,* 13 C. C. R. 5; *Bradecich* vs. *State,* 13 C. C. R. 56; *Pearman* vs. *State,* 13 C. C. R. 84, and awards can only be made for injuries and only such injuries, as are proven by competent evidence, of which there are, or have been objective conditions or symptoms proven not within the physical or mental control of the injured employee herself, and unless there are or have been such objective conditions or symptoms proven, no award for compensation can be made. *Nichols* vs. *State,* 10 C. C. R. 80; *Wasson* vs. *State,* 10 C. C. R. 497; *Peck* vs. *State,* 10 C. C. R. 56.

Her claim for total loss of hearing of left ear, partial loss of hearing of right ear and serious and permanent injury to head, hand and neck have not been proven. The proof in reference to these claims does not comply with the rule as enunciated in the above cited cases.

There seems to be no question concerning her claim for permanent disfigurement to her face including her left eye lid. The evidence discloses that she has difficulty in closing this lid and oft times has to use her hand to do so; that she has appearance of starting and she did not have this condition before the accident. There is merit to the claim in reference to her mouth being drawn to one side, this too had not existed prior to the accident. These disfigurements are fully proven and are compensable.

From a full consideration of this record we make the following findings; that the claimant and respondent were, on the 1st day of February, 1943, operating under

the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained injuries which arose out of and in the course of the employment; that notice of said accident was given said respondent within the time required under the provisions of Section 24 of said Act.

That the earnings of the claimant during the year next preceding the injury were $1,044.00 and that the average weekly wage was $20.07. That claimant at time of injury was fifty-one years of age and had no children under the age of sixteen years dependent upon her for support. That necessary first aid, all medical, surgical and hospital services have been provided by the respondent.

That claimant is entitled to have and receive from said respondent the sum of $11.04 per week for a period of forty-eight weeks, that being the period of temporary total disability from the day of the injury to January 1, 1944, when claimant returned to her work; that claimant is entitled to have and receive from respondent the sum of $11.04 per week for a period of fifty weeks for disfigurement to her mouth, face and left eye lid as provided in Section 8, Pars. (c) and (17) of the Workmen's Compensation Act as amended. The respondent paid to claimant, subsequent to said injury, salary amounting to the sum of $167.95 for unproductive work, in lieu of temporary total compensation which must be deducted from this award.

We further find that claimant has expended the sum of $30.00 for tooth replacement, the sum of $6.00 for lens and $30.00 for a facial brace for which the respondent is liable.

An award is therefore entered in favor of Nell Sprague, claimant, in the sum of $979.97; that the sum

of $695.52 representing sixty-three weeks has accrued to the 17th day of March, 1945, and is payable in a lump sum forthwith, the remainder of said award in the sum of $284.45 to be paid to this claimant by the respondent in weekly payments at $11.04 for twenty-five weeks and one week at $8.45.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."